| Sanders Equities LLC v Maldonado |
|---|
| 2025 NY Slip Op 30694(U) |
| March 3, 2025 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 605681/2022 |
| Judge: Sharon M.J. Gianelli |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU – Commercial Division Part 7
Present: Hon. Sharon M.J. Gianelli

_____X

SANDERS EQUITIES LLC, NEXT MILLENNIUM
REALTY, LLC, AERIAL WAY AND ROBBINS LLC,
123 FROST ASSOCIATES L.P., 135 NORTH
BROADWAY LLC and 69 BLOOMINGDALE LLC,

                          Plaintiffs,

        -against-

KEVIN MALDONADO, KEVIN MALDONADO AND
ASSOCIATES, P.C. d/b/a KEVIN MALDONADO &
ASSOCIATES d/b/a KEVIN MALDONADO &
PARTNERS LLC, MELISSA MALDONADO, KEVIN
MALDONADO and MELISSA MALDONADO, as
TRUSTEES of THE KEVIN AND MELISSA
MALDONADO TRUST, EAGLE LAKE HOLDINGS
LLC, BUSHMAN HILL REAL ESTATE LLC, 567 FOUR
MILE POINT LLC, WM WELCH ENTERPRISES LLC,
BLUE STONE AND MULCH LLC, WMW HOLDINGS
LLC, and HART MANSION LLC,

                         Defendants.

_____X

Index No:  605681/2022

Motion Seq. 005

Decision and Order

Papers submitted:
Plaintiffs Notice of Motion _____ X
Plaintiffs Affirmation in Support w/Exhibits _____ X
Plaintiffs Memorandum of Law in Support _____ X
Plaintiffs Supplemental Affirmation in Support _____ X
Defendants Opposition Letter _____ X
Plaintiffs Affirmation in Reply _____ X

Upon consideration of the parties' submissions, the Court's ruling is set forth below.

This is Plaintiffs' motion (Mot. Seq. No. 005) for an Order of the Court: (i) granting

Plaintiffs leave to renew the Decision and Order of the Court, dated October 7, 2024,

and entered October 9, 2024, to the extent it denied Plaintiffs' motion to strike the

Answer to Amended Complaint, Counterclaims, and Third-Party Complaint, filed

1

September 8, 2023, of Defendants Kevin Maldonado ("Maldonado"), and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC ("the Firm"), "with leave granted herein for movants to re-apply should Defendants fail to comply with this Decision and Order;" (ii) upon renewal, pursuant to CPLR 3126(3), striking the Answer because of Maldonado and the Firm's willful and contumacious failure to comply with the Disclosure Order and their disclosure obligations; and (iii) precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

The history and facts concerning this action have previously been recited in prior Decisions and Orders concerning this legal malpractice claim.

By the Court's most recent Decision and Order, dated October 7, 2024, and entered October 9, 2024 (Mot. Seq. No. 004; Attachment #1), the Court denied Plaintiffs' motion to strike, but granted Plaintiffs leave to re-apply should Defendants Maldonado and the Firm fail to comply with the Court's Decision and Order directing Defendants Maldonado and the Firm to fully comply with all outstanding discovery concerning this matter within thirty (30) days from the date of entry of the October 9, 2024 Decision and Order.

Plaintiffs have filed this motion (Mot. Seq. No. 005) asserting that Defendants Maldonado and the Firm have failed to comply with the Court's October 9, 20024 Decision and Order (Mot. Seq. No. 004).

2

[* 2]

Defendants Maldonado and the Firm's only response to Mot. Seq. No. 005 is a letter

from Defendant Kevin Maldonado, dated January 29, 2025 (Attachment #2), in which

he requests that the Court consider it his opposition to Plaintiffs' Mot. Seq. No. 005, and

which states in pertinent part:

*Kevin Maldonado, Esq.*

*5 Hickory Hill Road*　　　　　　　　　　　*C: (518) 727-8149*
*Windham, NY 12496*　　　　　　　　　　　*KevinMaldonado64@yahoo.com*

*January 29, 2025*

*Via ECF Filing*
*Hon. Sharon M.J. Gianelli*

> *Re: Sanders Equities LLC et al v. Kevin Maldonado et al. 60581/2022*
> *Motion Sequence 5*

*Dear Judge Gianelli:*

　　*Plaintiffs have filed a motion (Motion Seq. 5), to renew the Motion to Preclude (Motion Seq. 4). My opposition to Motion Sew. 4 is filed at Docket Entries 105 and 106. These entries have been sealed by the Court. Please accept Docket Entries 105 and 106, as well as my letter to the Court dated January 11, 2025 (attached hereto) as my opposition to the renewed motion.*

　　*Thank you for your consideration of this request.*

*Sincerely,*

*/S*

*Kevin Maldonado*

Despite his assertion that "Docket entries 105 and 106" are sealed, Defendant Kevin

Maldonado and the Firm failed to provide along with this January 29, 2025 letter, the

documents entered under "Docket Entries 105 and 106", which are Defendant

3

[* 3]

Maldonado and the Firm's documents. Further, no attached letter dated January 11, 2025 was found.

In connection with their Mot. Seq. No. 005, Plaintiffs submitted a thorough set of papers, including Plaintiffs' "Affirmation of Good Faith and in Support of Motion for Leave to Renew" with exhibits (Attachment #3), a thorough and well-reasoned Memorandum of Law in Support of the Motion (Attachment #4), as well as an Affirmation in Reply (Attachment #5). The Court has reviewed and considered the parties' submissions, and the Court has credited Plaintiffs'.

Notwithstanding the numerous warnings and Orders, Defendants Maldonado and the Firm have repeatedly refused and continue to refuse to comply with Plaintiffs' lawful discovery demands, as well as the Court's Decisions and Orders - most recently, the Court's Decision and Order dated October 7, 2024 and entered October 9, 2024 (Mot. Seq. No. 004).

Plaintiffs have set forth a lengthy and thorough recitation of the history of this matter, together with prior Decisions and Orders of the Court, as well as a persuasive argument for the motion relief sought. Defendants Maldonado and the Firm have failed to do so. Upon review and consideration of the papers submitted, the Court credits Plaintiffs' submissions and find that they align with the Court's record of this action, as well as the law.

4

[* 4]

As argued in Plaintiffs' motion, "A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination'" (*Deutsche Bank Natl. Tr. Co. v Cincu,* 228 AD3d 825, 826 [2D Dept 2024]). Further, "where a movant makes the requisite showing of new facts that would change the prior determination, it is reversible error to deny renewal (*Deutsche Bank Natl. Trust Co. v. Nissan,* 230 AD3d 1105, 1108 [2d Dept 2024]). The new fact here is that Defendants Maldonado and the Firm failed to comply with the Court's most recent Decision and Order entered October 9, 2024 (Mot. Seq. No. 004), which is illustrative of Defendant Maldonado and the Firm's continued willful and continuing pattern of ignoring and failing to comply with Notices for Discovery and Inspection, as well as the Court's Decisions and Orders. Defendants Maldonado and the Firm have been given more opportunities to comply than may have been reasonable given Defendants Maldonado and the Firm's conduct throughout this litigation, and yet they have repeatedly failed to do so. Renewal is warranted.

Defendants Maldonado and the Firm have not only been afforded numerous opportunities to comply with the Court's Orders, including three (3) final warnings, Defendants Maldonado and the Firm have repeatedly and intentionally failed to comply, without reasonable explanation. An assessment of Defendants Maldonado and the Firm's actions to date lead to the reasonable conclusion that the conduct is intentional, deliberate, evasive, uncooperative, designed to delay and avoid, and "willful and contumacious".

5

[* 5]

CPLR 3126(3) provides in pertinent part:

> *Penalties for refusal to comply with order or to disclose. If any party, or a person who at the time a deposition is taken or an examination or inspection is made is an officer, director, member, employee or agent of a party or otherwise under a party's control, refuses to obey an order for disclosure or willfully fails to disclose information which the court finds out to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them:*

> *(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party.*

Upon consideration of all papers submitted, together with the history of this action, including Defendants Maldonado and the Firm's repeatedly violative conduct, not only is renewal warranted, but so is the striking of the Answer based on Defendants Maldonado and the Firm's willful and contumacious refusal to comply with required discovery.

Accordingly,

It is

ORDERED, that Plaintiffs' motion (Mot. Seq. No. 005) for an Order of the Court granting Plaintiffs leave to renew the Decision and Order of the Court, dated October 7, 2024, and entered October 9, 2024 (Mot. Seq. No. 004), to the extent it denied Plaintiffs' motion to strike the Answer to Amended Complaint, Counterclaims, and Third-Party Complaint, filed September 8, 2023, of Defendants Kevin Maldonado ("Maldonado"), and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC ("the Firm"), is Granted; and

6

It is

ORDERED, that Plaintiffs' motion (Mot. Seq. No. 005) for an Order of the Court,

striking the Answer pursuant to CPLR 3126(3) because of Defendants Maldonado and

the Firm's willful and contumacious failure to comply with the Disclosure Order (Mot.

Seq. No. 004) and their disclosure obligations throughout the litigation, is Granted; and

It is

ORDERED, that Plaintiffs' motion (Mot. Seq. No. 005) for an Order of the Court

precluding Defendants Maldonado and the Firm from using or relying in this litigation

upon any document or communication they have not produced in disclosure, is Granted.

This constitutes the Decision and Order of the Court.

Dated: Mineola, New York
      March 3, 2025

Sharon M.J. Gianelli
Justice of the Supreme Court

7

[* 7]

# ATTACHMENT #1

[* 8]

FILED: NASSAU COUNTY CLERK 10/09/2024 10:05 AM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU — Commercial Division Part 7
Present: Hon. Sharon M.J. Gianelli

————————————————————————X

SANDERS EQUITIES LLC, NEXT MILLENNIUM
REALTY, LLC, AERIAL WAY AND ROBBINS LLC,
123 FROST ASSOCIATES L.P., 135 NORTH
BROADWAY LLC and 69 BLOOMINGDALE LLC,

                      Plaintiffs,

      -against-

KEVIN MALDONADO, KEVIN MALDONADO AND
ASSOCIATES, P.C. d/b/a KEVIN MALDONADO &
ASSOCIATES d/b/a KEVIN MALDONADO &
PARTNERS LLC, MELISSA MALDONADO, KEVIN
MALDONADO and MELISSA MALDONADO, as
TRUSTEES of THE KEVIN AND MELISSA
MALDONADO TRUST, EAGLE LAKE HOLDINGS
LLC, BUSHMAN HILL REAL ESTATE LLC, 567 FOUR
MILE POINT LLC, WM WELCH ENTERPRISES LLC,
BLUE STONE AND MULCH LLC, WMW HOLDINGS
LLC, and HART MANSION LLC,

                      Defendants.

————————————————————————X

Index No: 605681/2022

Motion Seq. No. 004

Decision and Order

Upon consideration of papers submitted on this motion, the Court's ruling is set forth below.

This is Plaintiffs' motion for an Order of the Court, pursuant to CPLR 3126(3): striking the Answer to the Amended Complaint, Counterclaim, and Third-Party Complaint, filed September 8, 2023 of Defendants Kevin Maldonado ("Maldonado"), and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC ("the Firm"); or alternatively, pursuant to CPLR 3126(2), precluding Maldonado and the firm from relying upon any documents in support of

1

their defenses and counterclaim in this action; or alternatively, pursuant to CPLR 3124, compelling Maldonado and the firm to produce disclosure within a date certain to be set by the Court.

The underlying Complaint herein concerns a legal malpractice claim by Plaintiffs against Defendant Maldonado, a sole practitioner, who served as a long-time attorney to Plaintiffs in connection with the owning, managing and leasing of commercial real estate. Plaintiffs allege, *inter alia*, a multi-year pattern of excessive and fraudulent billing for legal services which were allegedly never rendered.

The background/factual recitation set forth in movants' "Affirmation of Franklin C. McRoberts in Support of Motion to Strike, to Preclude, and/or to Compel" comports with the Court's record.

Upon due consideration, Defendants have shown themselves overall to be evasive, uncooperative, and dilatory. Striking and/or preclusion are drastic steps; and though Defendants have just about earned this outcome, the Court will nevertheless allow Defendants one additional opportunity to become fully compliant with all outstanding discovery within the time frame mandated below by the Court.

Accordingly,

It is

ORDERED, that Plaintiffs' motion for an Order of the Court, pursuant to CPLR 3126(3) striking the Answer to the Amended Complaint, Counterclaim, and Third-Party

2

Complaint, filed September 8, 2023 of Defendants Kevin Maldonado, and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (Kevin Maldonado and the Firm), is Denied, at this time, with leave granted herein for movants to re-apply should Defendants fail to comply with this Decision and Order herein; and

It is

ORDERED, that Plaintiffs' motion for an Order of the Court, pursuant to CPLR 3126(2), precluding Defendants Kevin Maldonado, and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (Kevin Maldonado and the Firm), from relying upon any documents in support of their defenses and counterclaim in this action, is Denied, at this time, with leave granted herein for movants to re-apply should Defendants fail to comply with this Decision and Order herein; and

It is

ORDERED, that Plaintiffs' motion for an Order of the Court, pursuant to CPLR 3124, compelling Defendants Kevin Maldonado, and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (Kevin Maldonado and the Firm) to produce disclosure within a date certain to be set by the Court, is Granted; and

3

[* 11]

It is

ORDERED, that Defendants Kevin Maldonado, and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (Kevin Maldonado and the Firm) shall fully comply with all outstanding discovery concerning this matter within thirty (30) days from the date of entry of this Decision and Order; and

It is

ORDERED, that the parties shall appear for a Compliance Conference on December 9, 2024 at 11:00 a.m.

Any application not specifically ruled upon herein is denied.

This constitutes the Decision and Order of this Court.

Date:  Mineola, New York
      October 7, 2024

Sharon M.J. Gianelli
Justice of the Supreme Court

**ENTERED**

**Oct 09 2024**

NASSAU COUNTY
COUNTY CLERK'S OFFICE

[* 12]

# ATTACHMENT #2

[* 13]

# Kevin Maldonado, Esq.

5 Hickory Hill Road
Windham, NY 12496

C: (518) 727-8149

KevinMaldonado64@yahoo.com

January 29, 2025

Via ECF Filing
Hon. Sharon M.J. Gianelli

**Re:  Sanders Equities LLC et al v. Kevin Maldonado et al.
60581/2022 Motion Sequence 5**

Dear Judge Gianelli:

Plaintiffs have filed a motion (Motion Seq. 5), to renew the Motion to
Preclude (Motion Seq. 4).  My opposition to Motion Seq. 4 is filed at Docket Entries
105 and 106.  These entries have been sealed by the Court.  Please accept Docket
Entries 105 and 106, as well as my letter to the Court dated January 11, 2025
(attached hereto) as my opposition to the renewed motion.

Thank you for your consideration of this request.

Sincerely,

/S

Kevin Maldonado

# ATTACHMENT #3

[* 15]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------x

SANDERS EQUITIES LLC, NEXT MILLENNIUM :    Index No. 605681/2022
REALTY, LLC, AERIAL WAY AND ROBBINS LLC, :
123 FROST ASSOCIATES L.P., 135 NORTH :    Hon. Sharon M.J. Gianelli
BROADWAY LLC and 69 BLOOMINGDALE LLC, :
                                        :    Motion Sequence No. 005
                  Plaintiffs, :
                                          :    **AFFIRMATION OF**
          - against -                 :    **GOOD FAITH AND IN**
                                          :    **SUPPORT OF MOTION**
KEVIN MALDONADO,                  :    **FOR LEAVE TO RENEW**
KEVIN MALDONADO AND ASSOCIATES, P.C. :
d/b/a KEVIN MALDONADO & ASSOCIATES :
d/b/a KEVIN MALDONADO & PARTNERS LLC, :
MELISSA MALDONADO, KEVIN MALDONADO :
and MELISSA MALDONADO, as TRUSTEES of :
THE KEVIN AND MELISSA MALDONADO TRUST, :
EAGLE LAKE HOLDINGS LLC, BUSHMAN HILL :
REAL ESTATE LLC, 567 FOUR MILE POINT LLC, :
WM WELCH ENTERPRISES LLC, BLUE STONE :
AND MULCH LLC, WMW HOLDINGS LLC, :
and HART MANSION LLC, :
                                          :
                  Defendants. :

---------------------------------------------------x

    **FRANKLIN C. MCROBERTS**, an attorney admitted to practice law in the courts of the

State of New York, affirms under penalty of perjury:

    1.     I am a Partner with the law firm of Farrell Fritz, P.C., attorneys for Plaintiffs.

    2.     I have personal knowledge of the facts in this Affirmation.

    3.     I respectfully submit this Affirmation in support of Plaintiffs' motion for an Order,

pursuant to CPLR 2221 (e):

    (i)     granting Plaintiffs leave to renew the Decision and Order of the Hon. Sharon M.J.

        Gianelli, dated October 7, 2024, and entered October 9, 2024 (the "Disclosure

        Order"), to the extent it denied Plaintiffs' motion to strike the Answer to Amended

1

[* 16]

Complaint, Counterclaims, and Third-Party Complaint, filed September 8, 2023 (the "Answer"), of Defendants Kevin Maldonado ("Maldonado"), and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (the "Firm"), "with leave granted herein for movants to re-apply should Defendants fail to comply with this Decision and Order;"

(ii) upon renewal, pursuant to CPLR § 3126 (3), striking the Answer because of Maldonado and the Firm's willful and contumacious failure to comply with the Disclosure Order and their disclosure obligations; and

(iii) granting such other and further relief as the Court deems just and proper, including precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

4.      Attached are true copies of the following documents comprising the full record on the prior motion under Motion Sequence No. 004:

- **Exhibit 1**:      Notice of Motion, dated November 2, 2023

- **Exhibit 2**:      Affirmation of Franklin C. McRoberts, dated November 2, 2023

- **Exhibit 3**:      Letter, dated April 22, 2022

- **Exhibit 4**:      Verified Complaint, filed June 13, 2022

- **Exhibit 5**:      Notice for Discovery and Inspection, dated August 3, 2022

- **Exhibit 6**:      Interrogatories, dated August 3, 2022

- **Exhibit 7**:      Letter, dated September 12, 2022

- **Exhibit 8**:      Letter, dated September 19, 2022

- **Exhibit 9**:      Verified Answer, filed September 20, 2022

- **Exhibit 10**:     Verified Reply to Counterclaim, filed September 20, 2022

2

- **Exhibit 11**: Email Chain, dated October 15, 2022

- **Exhibit 12**: Letter, dated October 18, 2022

- **Exhibit 13**: Preliminary Conference Stipulation and Order, dated October 29, 2022

- **Exhibit 14**: Second Notice for Discovery and Inspection, dated November 8, 2022

- **Exhibit 15**: Response to Discovery Demands, dated December 9, 2022

- **Exhibit 16**: Response to Interrogatories, dated December 9, 2022

- **Exhibit 17**: Response to Demand for Laptop, dated December 9, 2022

- **Exhibit 18**: Letter, dated December 19, 2022

- **Exhibit 19**: Letter, dated January 9, 2023

- **Exhibit 20**: Letter, dated April 24, 2023

- **Exhibit 21**: Amended Verified Complaint, failed June 22, 2023

- **Exhibit 22**: Answer to Amended Complaint, Counterclaims, and Third-Party Complaint, filed September 8, 2023

- **Exhibit 23**: Affirmation of Steven Blaustein, dated May 31, 2023

- **Exhibit 24**: Email Chain, dated May 5, 2021

- **Exhibit 25**: Draft Affidavit of Arthur Sanders

- **Exhibit 26**: Email Chain, dated May 14, 2021

- **Exhibit 27**: File Inventory

- **Exhibit 28**: Memorandum of Law, dated November 2, 2023

- **Exhibit 29**: Letter, dated January 8, 2024

- **Exhibit 30**: Disclosure Order, dated October 7, 2024, and entered October 9, 2024

- **Exhibit 31**: Notice of Entry of Disclosure Order, dated October 9, 2024

3

5.      Attached are true copies of the following documents, which were unavailable to

Plaintiff, and therefore, not offered on the prior motion under Motion Sequence No. 004, which

would change the prior determination:

- **Exhibit 32**:   Third Notice for Discovery and Inspection, dated January 2, 2024

- **Exhibit 33**:   Notice of Motion, dated January 8, 2024[1]

- **Exhibit 34**:   Affidavit of Kevin Maldonado, dated January 8, 2024

- **Exhibit 35**:   Memorandum of Law, dated January 8, 2024

- **Exhibit 36**:   Letter, dated February 1, 2024

- **Exhibit 37**:   Letter, dated February 16, 2024

- **Exhibit 38**:   Letter, dated May 23, 2024

- **Exhibit 39**:   Letter, dated October 9, 2024

- **Exhibit 40:**   Letter, filed November 9, 2024

- **Exhibit 41:**   Email Chain, dated November 12, 2024

- **Exhibit 42:**   Letter, dated November 12, 2024

- **Exhibit 43:**   Fourth Notice for Discovery and Inspection, dated November 19, 2024

- **Exhibit 44:**   Letter, dated December 2, 2024

- **Exhibit 45:**   Letter, dated January 3, 2025

- **Exhibit 46:**   Email, dated January 3, 2025

- **Exhibit 47:**   Letter, dated January 10, 2025

- **Exhibit 48:**   Screenshot of the entire Dropbox of disclosure Maldonado and the Firm

---

[1] Exactly one year ago, on January 11, 2024, the e-filing clerk rejected Maldonado's Notice of Motion, writing that the "caption doesn't match." To this day, Maldonado and the Firm have declined to re-file it. As a result, no motion was ever filed, processed, briefed, submitted, or decided.

[* 19]

produced on January 10, 2025, the only disclosure of any kind they produced in this case – *ever* – consisting of exactly 14 files of audio and video recordings Maldonado secretly recorded, all of which are responsive exclusively to the Fourth Notice for Discovery and Inspection, dated November 19, 2024 (*see* Ex. 43), but no documents or communications of any kind, and no supplemental written disclosure responses to, the Notice for Discovery and Inspection, dated August 3, 2022 (*see* Ex. 5), the Interrogatories, dated August 3, 2022 (*see* Ex. 6), the Second Notice for Discovery and Inspection, dated November 8, 2022 (*see* Ex. 14), or the Third Notice for Discovery and Inspection, dated January 2, 2024 (*see* Ex. 32).

**The Current State of Affairs and Statement of Good Faith Under 22 NYCRR § 202.7 (c)**

6.      Obviously, pursuant to 22 NYCRR § 202.7 (c), I attempted in good faith numerous times, both before and after filing Motion Sequence No. 004, to attempt to resolve Maldonado and the Firm's noncompliance with their disclosure obligations without the need for motion practice.

7.      Despite those good faith efforts, and in direct contravention of exactly *three final warnings* from the Court, all *after* Plaintiffs filed their original motion, Maldonado and the Firm *still* have not produced even one single page or electronic file of disclosure in response to Plaintiffs' First, Second, or Third Notices for Discovery and Inspection (*see* Exs. 5, 14, and 32), nor any supplemental written responses to the First or Second Notices for Discovery and Inspection (*see* Exs. 5 and 14), nor any written responses *of any kind* tin response to the Third and Fourth Notices for Discovery and Inspection (*see* Exs. 32 and 43).

5

8.     The sequence of recent events are as follows. On October 9, 2024, immediately after the Court issued the Disclosure Order (*see* Ex. 30), I sent Maldonado and the Firm a crystal-clear letter (*see* Ex. 36), attached to which were copies of the Disclosure Order and all unresolved disclosure demands, warning Maldonado and the Firm as follows:

> On October 7, 2024, the Hon. Sharon M.J. Gianelli issued, and on October 9, 2024, the Clerk of the County of Nassau entered, a Decision and Order granting the Sanders Entities' motion to compel production of documents and information from you and your law firm. **Exhibit "1"** is a copy of the Decision and Order with Notice of Entry.
>
> Pursuant to the Decision and Order, you and your law firm have been ordered as follows:
>
>> ORDERED, that Defendants Kevin Maldonado, and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (Kevin Maldonado and the Firm) shall fully comply with all outstanding discovery concerning this matter within thirty (30) days from the date of entry of this Decision and Order . . . .
>
> **Exhibits "2," "3," "4," and "5"** are copies of the Sanders Entities' outstanding, unresolved disclosure demands to you and your law firm.
>
> In accordance with the Decision and Order, you and your law firm must provide full and complete written responses, and all documents, electronically-stored information, physical evidence, and written information responsive to, the foregoing disclosure demands no later than the Court-ordered deadline of November 8, 2024.
>
> Should you and your law firm fail to comply with the Decision and Order, we will be forced to re-apply to the Court for more severe disclosure sanctions, and we reserve the right to do so without further notice to you or your law firm. Pursuant to 22 NYCRR 202.7 (c), please consider this letter, together with our prior letter to you, dated February 1, 2024, to be our good faith effort to resolve this extremely longstanding disclosure dispute without the need for further motion practice.

6

[* 21]

9. The 30-day, *first final warning* the Court set forth in the Disclosure Order for Maldonado and the Firm to cure their disclosure defaults expired on November 8, 2024 (*see* Exs. 30 and 31).

10. On November 9, 2024, the day *after* the Court's *first final warning* expired (*see* Exs. 30 and 31), but before Plaintiffs had an opportunity to file their renewal motion, Maldonado violated the Court's *first final warning*, producing nothing, instead writing the Court a letter, proffering his same, longstanding excuse that he produced all relevant disclosure pre-lawsuit (*see* Ex. 40).

11. This Court already previously rejected this argument, an issue thoroughly litigated and resolved against Maldonado and the Firm on the prior motion (*see* Exs. 2, 23, 28, and 30).

12. Nonetheless, the Court, in response to Maldonado's untimely letter (*see* Ex. 40), scheduled a Compliance Conference on November 13, 2024 (*see* Ex. 41).

13. On November 12, 2024, I wrote the Court a letter, in advance of the Compliance Conference, to apprise the Court of my October 9, 2024 letter to Maldonado and the Firm (*see* Ex. 42; *compare* Ex. 39).

14. At the Compliance Conference, the Court once again generously extended Maldonado and the Firm yet another, *second final warning* to comply with all of Plaintiffs' outstanding disclosure demands, this time by no later than January 3, 2025, by conducting a "thorough search" for both "paper and electronic" documents; responding to all written disclosure demands "line-by-line"; and producing all outstanding paper and electronic disclosure, *even if* produced pre-lawsuit (*see* Ex. 44).

7

[* 22]

15. During the Compliance Conference, Maldonado revealed for the first time that he personally made audio recordings of other lawyers for Plaintiffs in which they discuss Plaintiffs' legal matters and, notably, the transfer of Maldonado's files for Plaintiffs to those attorneys.

16. On December 2, 2024, I wrote to the Court to memorialize the rulings of the Court from the Compliance Conference and to alert the Court of a Fourth Notice for Discovery and Inspection that my firm served on Maldonado and the Firm on November 19, 2024 (*see* Exs. 43-44).

17. The Fourth Notice for Discovery and Inspection contained a single, narrow disclosure demand for production of the audio recordings made by Maldonado (*see* Ex. 43).

18. Maldonado and the Firm's response to the Fourth Notice for Discovery and Inspection was due no later than December 10, 2024. Maldonado and the Firm ignored that deadline and failed to produce the audio recordings.

19. On January 3, 2025, the same day the Court's *second final warning* expired (*see* Ex. 44), Maldonado wrote the Court and offered yet another excuse, this time stating that *after* the Court issuing its *second final warning*, he decided "to travel with my daughter as a coach for the past three weeks." He wrote, "I will be back at home on Monday [January 6, 2025] and will focus on the updated responses" (Ex. 45).

20. In response to Maldonado's latest excuse, on January 3, 2025, the Court issued yet another, *third final warning*, this time extending the deadline to January 10, 2025, writing:

> The Court is in receipt of correspondence from Defendant Kevin Maldonado dated January 3, 2025, requesting an adjournment of the deadline to respond and produce certain discovery in this action. Please be advised that the requested adjournment is granted only to the extent that the deadline is now January 10, 2025. No further extensions will be granted absent extenuating circumstances.

8

[* 23]

(Ex. 46).

21.     In utter disrespect of the Court's excessively generous, *first*, *second*, and *third final warnings*, far more notice or opportunity to remedy disclosure defaults than most litigants could ever hope to receive, much less a practicing lawyer like Maldonado, on January 10, 2025, Maldonado and the Firm produced:

- No supplemental written response to the First Notice for Discovery and Inspection, dated August 3, 2022 (*see* Ex. 5);

- No documents or communications of any kind in response to the First Notice for Discovery and Inspection;

- No supplemental written response to the Second Notice for Discovery and Inspection, dated November 8, 2022 (*see* Ex. 14);

- No documents or communications of any kind in response to the Second Notice for Discovery and Inspection;

- No supplemental written response to the Third Notice for Discovery and Inspection, dated January 2, 2024 (*see* Ex. 32); and

- No documents or communications of any kind in response to the Third Notice for Discovery and Inspection.

22.     In disregard of all of these disclosure devices, and in contempt of all of the Court's repeated directives to comply with them, in his letter, dated January 10, 2025, Maldonado: (i) explicitly refused to provide disclosure the Court already ordered him to produce many times; and (ii) made objectively false misrepresentations of material fact in contravention of the Part 130, claiming he produced disclosure he never, ever, provided (*see* Ex. 47).

[* 24]

23. In his letter, Maldonado flippantly refused to search for or produce disclosure this Court already ordered him to produce many times, *to wit:*

- Regarding "Sanders Emails": "For me to spend . . . time resorting . . . emails is unnecessary and unduly burdensome" (Ex. 47 at 3);

- Regarding "Financial Records": "At this stage this type of information is not discoverable. This is the type of information they would be entitled to post judgment" (*id.* at 4); and

24. In his letter, despite barely avoiding in October 2024 the extreme sanction of striking of his Answer (*see* Ex. 30), Maldonado committed to producing exactly *nothing* in response to the First, Second, or Third Notices for Discovery and Inspection.

25. Nor did he heed the Court's crystal-clear warning on November 13, 2024, to conduct a "thorough search" for both "paper and electronic" documents; to respond to all written disclosure demands "line-by-line"; and to produce all outstanding disclosure, *even if* produced pre-lawsuit (*see* Ex. 47).

26. Instead, Maldonado offered the same excuses the Court has rejected since 2022, *to wit*: (i) he already produced it; (ii) he has no duty to produce it; or (iii) both (*see* Ex. 47).

27. Worse, in his letter, Maldonado wrote: "As part of my document production in this case, the Electronic Case Files were produced . . . to the Farrell Fritz Law Firm on December 9, 2022" (Ex. 47 at 4). *This is a lie*.

28. Maldonado and the Firm never, *ever*, produced any disclosure to my firm of any kind. Ever. Until January 10, 2025, when they produce the measly 18 files of Maldonado's creepy audio recordings (*see* Ex. 48), they never produced to my firm a single document, nor piece or paper, nor electronic file, of any kind in disclosure.

10

[* 25]

29.     I hereby challenge Maldonado and the Firm to provide any evidence in opposition to this motion that they provided disclosure to my firm on December 9, 2022 (or any other time). They are incapable of doing so. Because it never happened. False representations of material fact are frivolous and warrant sanctions.

30.     Three strikes you're out. Maldonado and the Firm have serially violated the Court's disclosure orders for far, far too long.

31.     As explained in the accompanying Memorandum of Law, denial of disclosure sanctions under these circumstances would be reversible error.

32.     Accordingly, based upon prior "leave granted" to "re-apply should Defendants fail to comply with this Decision and Order" (Ex. 30 at 2-3), Plaintiffs now respectfully request that the Court grant renewal of the Disclosure Order, and upon renewal, strike Maldonado and the Firm's Answer for willful and contumacious failure to comply with the Disclosure Order and their disclosure obligations.

**WHEREFORE**, for the reasons explained in the accompanying Memorandum of Law, the Court should issue an Order: (i) granting leave to renew the Disclosure Order; (ii) upon renewal, striking the Answer; (iii) referring this matter to a Judicial Hearing Officer or Special Referee for an inquest on damages; and (iv) granting such other and further relief as the Court deems just and proper, including precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

Dated: January 11, 2025

/s/ *Franklin C. McRoberts*
Franklin C. McRoberts

11

[* 26]

## CERTIFICATION OF COUNSEL

The foregoing Affirmation in Support of Motion to Strike, to Preclude, and/or to Compel was prepared by computer using Microsoft Word. The total number of words in the document, excluding the caption and signature block is 2,718. This certification complies with Rule 17 of the Commercial Division Rules.

/s/ *Franklin C. McRoberts*
Franklin C. McRoberts

12

FF\15086428.7

# ATTACHMENT #4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------x
SANDERS EQUITIES LLC, NEXT MILLENNIUM           :    Index No. 605681/2022
REALTY, LLC, AERIAL WAY AND ROBBINS LLC,        :
123 FROST ASSOCIATES L.P., 135 NORTH            :    Hon. Sharon M.J. Gianelli
BROADWAY LLC and 69 BLOOMINGDALE LLC,           :
                                                :    Motion Sequence No. 005
                        Plaintiffs,             :
                                                :
              - against -                       :
                                                :
                                                :
KEVIN MALDONADO,                                :
KEVIN MALDONADO AND ASSOCIATES, P.C.            :
d/b/a KEVIN MALDONADO & ASSOCIATES              :
d/b/a KEVIN MALDONADO & PARTNERS LLC,           :
MELISSA MALDONADO, KEVIN MALDONADO              :
and MELISSA MALDONADO, as TRUSTEES of           :
THE KEVIN AND MELISSA MALDONADO TRUST,          :
EAGLE LAKE HOLDINGS LLC, BUSHMAN HILL           :
REAL ESTATE LLC, 567 FOUR MILE POINT LLC,       :
WM WELCH ENTERPRISES LLC, BLUE STONE            :
AND MULCH LLC, WMW HOLDINGS LLC,                :
And HART MANSION LLC,                           :
                                                :
                        Defendants.             :
----------------------------------------x

─────────────────────────────────────────────

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR LEAVE TO RENEW**

─────────────────────────────────────────────

Franklin C. McRoberts
James R. Maguire
FARRELL FRITZ, P.C
400 RXR Plaza
Uniondale, New York 11556
(516) 227-0700

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 2

STATEMENT OF THE FACTS ............................................................................................... 3

    The Events Preceding the Prior Determination ..................................................................... 3

    The Disclosure Order ............................................................................................................ 5

    The New Facts that Would Change the Prior Determination ................................................. 5

ARGUMENT ............................................................................................................................ 9

Point I

    THE COURT SHOULD GRANT LEAVE TO RENEW ...................................................... 9

Point II

    UPON RENEWAL, THE COURT SHOULD STRIKE THE ANSWER
    BECAUSE OF MALDONADO AND THE FIRM'S WILLFUL AND
    CONTUMACIOUS REFUSAL TO COMPLY WITH THE DISCLOSURE
    ORDER AND THEIR DISCLOSURE OBLIGATIONS ................................................... 11

CONCLUSION ...................................................................................................................... 15

CERTIFICATION OF COUNSEL ......................................................................................... 27

## TABLE OF AUTHORITIES

**Cases**

*225 Butler Assocs. v 225 Butler LLC,*
208 AD3d 831 [2d Dept 2022] ..................................................................... 12

*Deutsche Bank Natl. Trust Co. v Nissan,*
230 AD3d 1105 [2d Dept 2024] ..................................................................... 9

*Deutsche Bank Natl. Tr. Co. v Cincu,*
228 AD3d 825 [2d Dept 2024] ................................................................... 9, 11

*Fish & Richardson, P.C. v Schindler,*
75 AD3d 219 [1st Dept 2010]...................................................................... 13

*Henry v Atlantis Rehabilitation and Residential Healthcare Facility, LLC,*
194 AD3d 1021 [2d Dept 2021] ................................................................... 12

*HSBC Bank USA, N.A. v Branker, N.A.,*
177 AD3d 954, 958 [2d Dept 2019] ............................................................. 10

*Key Growth Invest LP v 1499 Fulton Realty, LLC,*
228 AD3d 634 [2d Dept 2024] ................................................................... 9, 11

*L. K. v City of New York,*
210 AD3d 753 [2d Dept 2022] ................................................... 11, 12, 13, 14, 15

*Legal Servicing, LLC v Carty,*
229 AD3d 533 [2d Dept 2024] ..................................................................... 9

*Lynx Capital Partners of NJ, LLC v Bayes Capital,*
217 AD 3d 571 [1st Dept 2023]................................................................. 13, 14

**Rules**

CPLR 2221............................................................................................. 1, 9

CPLR 3126............................................................................................ 1, 2, 12

**Regulations**

22 NYCRR 202.7........................................................................................ 7

22 NYCRR 1200 Rule 1.15[d]........................................................................ 11

ii

[* 31]

Plaintiffs Sanders Equities LLC, Next Millennium Realty, LLC, Aerial Way and Robbins LLC, 123 Frost Associates L.P., 135 North Broadway LLC, and 69 Bloomingdale LLC (together, the "Sanders Entities"), by their attorneys, Farrell Fritz, P.C., respectfully submit this Memorandum of Law in support of their motion for an Order, pursuant to CPLR 2221 (e):

(i)   granting the Sanders Entities leave to renew the Decision and Order of the Hon. Sharon M.J. Gianelli, dated October 7, 2024, and entered October 9, 2024 (the "Disclosure Order"), to the extent it denied Plaintiffs' Motion to Strike the Answer to Amended Complaint, Counterclaims, and Third-Party Complaint, filed September 8, 2023 (the "Answer"), of Defendants Kevin Maldonado ("Maldonado"), and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (the "Firm"), "with leave granted herein for movants to re-apply should Defendants fail to comply with this Decision and Order;"

(ii)  upon renewal, pursuant to CPLR § 3126 (3), striking the Answer because of Maldonado and the Firm's willful and contumacious failure to comply with the Disclosure Order and their disclosure obligations; and

(iii) granting such other and further relief as the Court deems just and proper, including precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

1

## PRELIMINARY STATEMENT

"Defendants have shown themselves overall to be evasive, uncooperative, and dilatory. Striking and/or preclusion are drastic steps; and though Defendants have just about earned this outcome, the Court will nevertheless allow Defendants one additional opportunity to become fully compliant with all outstanding discovery within the time frame mandated below by the Court."

- Hon. Sharon M.J. Gianelli -
(NYSCEF Doc. No. 170)

The Court issued this dire warning *three warnings* ago.

In defiance of this Court's crystal-clear, direct warning in its now-three-month-old Disclosure Order that Maldonado and the Firm had "just about earned" the severe sanction of striking of their Answer – a *first final warning* the Court generously provided despite no requirement to do so – Maldonado and the Firm, instead of producing proper discovery, filed a letter with the Court on the day *after* the Court had permitted them to respond asserting the meritless argument that they have already produced all responsive documents prior to the commencement of this lawsuit.

After they did that, the Court generously gave them a *second final warning*. The day the second final warning expired, Maldonado and the Firm still failed to comply, and the Court gave them yet another, excessively generous, *third final warning*.

Sure enough, the day the *third final warning* expired, Maldonado and the Firm *still* failed to comply. For years this has gone on with no consequence. Enough. Three strikes you're out. Maldonado and the Firm's willfulness, contumaciousness, and contempt of this Court's directives has been laid bare. Based upon prior "leave granted" to "re-apply should Defendants fail to comply with this Decision and Order" (NYSCEF Doc. No. 170), the Court should grant renewal, and upon renewal, exercise its broad discretion to strike the Answer under CPLR § 3126 (3).

2

[* 33]

## STATEMENT OF THE FACTS

### The Events Preceding the Prior Determination

More than two long years ago, on August 3, 2022, the Sanders Entities served upon Maldonado and the Firm a Notice for Discovery and Inspection and Interrogatories (*see* Affirmation of Franklin C. McRoberts in Support of Motion for Leave to Renew, dated January 11, 2025 ["McRoberts Aff."], Exs. 5 and 6). Initially, Maldonado and the Firm did not respond to either (McRoberts Aff., Ex. 2, ¶ 13).

On September 12, 2022, the Sanders Entities wrote to Maldonado to request a meet and confer, but Maldonado did not respond to that letter either (*id.*, ¶¶ 14-15). On September 19, 2022, the Sanders Entities were forced to write the Court requesting a pre-motion conference (*see* McRoberts Aff., Ex. 8).

On October 15, 2022, Maldonado wrote to the Court announcing that the Firm was "shutting down" (McRoberts Aff., Ex. 2, ¶ 19). In response, the Sanders Entities wrote to Maldonado and the Firm reminding Maldonado of his obligation to maintain accounts and records, but Maldonado again did not respond to that letter (*id.*, ¶¶ 20-21).

On October 19, 2022, the parties appeared for a preliminary conference, and the Court issued a Preliminary Conference Order ordering Maldonado and the Firm to respond to the First Notice for Discovery and Inspection and to produce responsive documents by December 19, 2022 (*see* McRoberts Aff., Ex. 13).

On November 8, 2022, the Sanders Entities served a Second Notice for Discovery and Inspection (McRoberts Aff., Ex. 14).

On December 9, 2022, Maldonado and the Firm responded to the Sanders Entities' First Notice for Discovery and Inspection, Second Notice for Discovery and Inspection, and

3

[* 34]

Interrogatories, but refused to produce a single document; raised baseless, boilerplate objections to the demands; and refused to produce the laptop on which Maldonado claimed to perform all legal work for the Sanders Entities (McRoberts Aff., Ex. 2, ¶¶ 27-29 and Exs. 15, 16, and 17).

On December 19, 2022, the Sanders Entities wrote Maldonado and the Firm another letter demanding that they remedy their deficient responses (McRoberts Aff., Ex. 18). This letter also went unanswered (McRoberts Aff., Ex. 2, ¶ 31). In the weeks that followed, Maldonado refused to respond to any of the Sanders Entities' attempts to meet and confer (*id.*, ¶ 32). When Maldonado finally agreed to a January 6, 2023 meet and confer, he then failed to attend and was unreachable for the entire day (*id.*, ¶ 33). On January 9, 2023, the Sanders Entities again wrote to the Court, seeking a pre-motion conference so that the Court could address Maldonado's deficiencies (*see* McRoberts Aff., Ex. 19).

On June 1, 2023, after receiving permission from the Court, the Sanders Entities filed their motion to strike Maldonado and the Firm's Answer (McRoberts Aff., Ex. 2, ¶ 38). While the motion was pending, the Court granted the Sanders Entities leave to file a Verified Amended Complaint, which the Sanders Entities filed on June 28, 2023 (*see* McRoberts Aff., Ex. 21). Later, Maldonado and the Firm filed their Answer to the Amended Complaint (McRoberts Aff., Ex. 22). The Court then directed the Sanders Entities to withdraw and re-file their pending motion to strike the original Answer as a new motion directed at the Answer to the Amended Complaint (McRoberts Aff., Ex. 28). On November 2, 2023, the Sanders Entities re-filed their motion to strike, to preclude, or to compel (*see* McRoberts Aff., Exs. 1, 2, and 28). Maldonado declined to file papers in opposition to the re-filed motion (*see* McRoberts Aff., Ex. 29).

4

[* 35]

**The Disclosure Order**

After more than two years of dogged, but unsuccessful efforts to obtain disclosure from Maldonado and the Firm, on October 9, 2024, the Court finally issued the Disclosure Order (McRoberts Aff., Ex. 30). In the Disclosure Order, the Court issued its *first final warning*, holding that "Defendants have shown themselves overall to be evasive, uncooperative, and dilatory" and "have just about earned" striking of their pleading (*id.* at 2).

Despite this, the Court denied the Sanders Entities' motion to strike the Answer to allow Maldonado and the Firm "one additional opportunity to become fully compliant with all outstanding discovery" within "thirty (30) days from the date of entry of his Decision and Order" (*id.* at 2, 4).

The Court granted the Sanders Entities leave "to re-apply should Defendants fail to comply with this Decision and Order herein" (*id.* at 3). The 30-day time frame for the *Court's first final warning* to Maldonado and the Firm expired on November 8, 2024.

**The New Facts that Would Change the Prior Determination**

On January 2, 2024, while the prior disclosure motion was pending and undecided, the Sanders Entities served a third Notice for Discovery and Inspection upon Maldonado, which Maldonado again ignored (*see* McRoberts Aff., Ex. 32), prompting the Sanders Entities on February 1, 2024 to send Maldonado yet another letter seeking compliance, which Maldonado yet again ignored (*see* McRoberts Aff., Ex. 36), forcing the Sanders Entities to send letters to the Court seeking its intervention on February 16, 2024 and May 23, 2024, both of which Maldonado once again ignored (*see* McRoberts Aff., Ex. 37 and 38).

On January 8, 2024, Maldonado filed a motion to disqualify Farrell Fritz, P.C., attaching to his moving Affidavit emails from many, many years ago responsive to the Sanders Entities'

5

First and Second Notices for Discovery and Inspection, proving the objective falsity of Maldonado's allegation he and the Firm lack responsive records (*see* McRoberts Aff., Exs. 33, 34, and 35).

On October 9, 2024, after entry of the Disclosure Order, the Sanders Entities sent Maldonado and the Firm yet another letter, explicitly detailing their obligations under the Disclosure Order (*see* McRoberts Aff., Ex. 39).

The letter warned:

> On October 7, 2024, the Hon. Sharon M.J. Gianelli issued, and on October 9, 2024, the Clerk of the County of Nassau entered, a Decision and Order granting the Sanders Entities' motion to compel production of documents and information from you and your law firm. **Exhibit "1"** is a copy of the Decision and Order with Notice of Entry.
>
> Pursuant to the Decision and Order, you and your law firm have been ordered as follows:
>
> > ORDERED, that Defendants Kevin Maldonado, and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (Kevin Maldonado and the Firm) shall fully comply with all outstanding discovery concerning this matter within thirty (30) days from the date of entry of this Decision and Order . . . .
>
> **Exhibits "2," "3," "4,"** and **"5"** are copies of the Sanders Entities' outstanding, unresolved disclosure demands to you and your law firm.
>
> In accordance with the Decision and Order, you and your law firm must provide full and complete written responses, and all documents, electronically-stored information, physical evidence, and written information responsive to, the foregoing disclosure demands no later than the Court-ordered deadline of November 8, 2024.
>
> Should you and your law firm fail to comply with the Decision and Order, we will be forced to re-apply to the Court for more severe disclosure sanctions, and we reserve the right to do so without

6

[* 37]

further notice to you or your law firm. Pursuant to 22 NYCRR 202.7 (c), please consider this letter, together with our prior letter to you, dated February 1, 2024, to be our good faith effort to resolve this extremely longstanding disclosure dispute without the need for further motion practice.

(McRoberts Aff., ¶ 8 and Ex. 36).

Maldonado and the Firm refused to respond to the Disclosure Order or the letter the Sanders Entities' counsel sent requesting Maldonado and the Firm's compliance with the Disclosure Order (*see* McRoberts Aff., Ex. 39). Instead, on November 9, 2024, Maldonado and the Firm filed a letter to the Court, the day *after* the *first final warning* in the Disclosure Order lapsed (McRoberts Aff., Ex. 40). In that letter, Maldonado and the Firm asserted that they have no additional documents to produce because they already transferred all responsive documents to another law firm.

The Court was prompted by Maldonado's letter to schedule a Compliance Conference on November 13, 2024 (McRoberts Aff., Ex. 41). During the conference, the Court gave Maldonado and the Firm a generous, *second final warning* to comply with all of Plaintiffs' outstanding disclosure demands by conducting a "thorough search" for both "paper and electronic" documents, responding to all written disclosure demands "line-by-line," and producing all outstanding paper and electronic disclosure, *even if* produced pre-lawsuit, by no later than January 3, 2025. These orders were memorialized in a letter from Plaintiffs to the Court on December 2, 2024 (McRoberts Aff., Ex. 44).

Further, during the Compliance Conference, Maldonado, whether inadvertently or not, disclosed that he had personally made audio recordings of discussions that he had with the Sanders Entities' other attorneys in which they discussed the Sanders Entities' legal matters and the transfer of Maldonado's files to those attorneys. The Sanders Entities then served a Fourth Notice for Discovery and Inspection upon Maldonado and the Firm on November 19, 2024, demanding that

[* 38]

FILED: NASSAU COUNTY CLERK 01/11/2025 12:05 AM

Maldonado and the Firm produce only those audio recordings discussed at the Compliance Conference (McRoberts Aff., Ex. 43). Maldonado and the Firm had until December 10, 2024 to comply with that disclosure, but they failed to do so (*id.*).

On January 3, 2025, the same day the Court's *second final warning* expired (*see* Ex. 44), Maldonado wrote the Court a letter offering yet another excuse, this time stating that *after* the Court issuing its *second final warning*, he chose instead of complying with the Court's *second final warning*, "to travel with my daughter as a coach for the past three weeks." He wrote, "I will be back at home on Monday [January 6, 2025] and will focus on the updated responses" (Ex. 45).

In response to Maldonado's latest excuse, on January 3, 2025, the Court issued yet another, *third final warning*, this time extending the deadline to January 10, 2025, writing:

> The Court is in receipt of correspondence from Defendant Kevin Maldonado dated January 3, 2025, requesting an adjournment of the deadline to respond and produce certain discovery in this action. Please be advised that the requested adjournment is granted only to the extent that the deadline is now January 10, 2025. No further extensions will be granted absent extenuating circumstances.

(Ex. 46).

In utter disrespect of the Court's excessively generous, *first*, *second*, and *third final warnings*, far more notice or opportunity to remedy disclosure defaults than most litigants can ever hope to receive, certainly for longtime litigator like Maldonado, on January 10, 2025, Maldonado and the Firm *explicitly refused* to produce anything but just 14 audio recordings Maldonado secretly made like a spook in the shadows, but no actual disclosure of any kind (*see* Exs. 47 and 48). Based upon prior "leave granted" to "re-apply should Defendants fail to comply with this Decision and Order" (Ex. 30 at 2-3), Plaintiffs now respectfully request that the Court grant renewal of the Disclosure Order, and, upon renewal, strike Maldonado and the Firm's Answer for their willful, contumacious, multi-year refusal to comply with their disclosure obligations.

8

## ARGUMENT

### Point I

### THE COURT SHOULD GRANT LEAVE TO RENEW

"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination'" (*Deutsche Bank Natl. Tr. Co. v Cincu*, 228 AD3d 825, 826 [2d Dept 2024] [quoting CPLR § 2221 [e] [2]).

Where a movant makes the requisite showing of new facts that would change the prior determination, it is reversible error to deny renewal (*Deutsche Bank Natl. Trust Co. v Nissan*, 230 AD3d 1105, 1108 [2d Dept 2024]; *see e.g. Legal Servicing, LLC v Carty*, 229 AD3d 533, 534 [2d Dept 2024] ["Ordered that the order . . . is reversed . . ., on the law, [and] that branch of the defendant's motion which was for leave to renew . . . is granted"]).

Where a court previously granted leave to renew, the movant need not demonstrate a "reasonable justification" for not presenting the new facts on the prior motion (*see e.g. Key Growth Invest LP v 1499 Fulton Realty, LLC*, 228 AD3d 634, 635 [2d Dept 2024] ["Since the court had denied plaintiff's prior motion without prejudice to renew, the plaintiff was not required to demonstrate a reasonable justification for its failure to present alleged new facts on the prior motion"]).

Here, the Sanders Entities sufficiently demonstrated new facts that would change the prior determination (*see* McRoberts Aff., ¶ 5 and Exs. 32-44).

Specifically, after the Sanders Entities filed their prior motion, but before the Disclosure Order was rendered, they served upon Maldonado another Notice for Discovery and Inspection, which he totally ignored; and when the Sanders Entities wrote him a letter seeking to secure his compliance, he ignored that request as well; and when the Sanders Entities were forced to send not

one, but two requests to the Court for assistance, Maldonado ignored both of those requests, as well (*see* McRoberts Aff., ¶ 5 and Exs. 32, 36, 37, and 38).

Moreover, after the Court issued its Disclosure Order, Maldonado and the Firm deliberately ignored the Sanders Entities' attempt to obtain discovery pursuant to the Court's Order (see McRoberts Aff., ¶ 5 and Ex. 39). Maldonado and the Firm ignored both the Disclosure Order and the Sanders Entities' letter, refusing to produce a single document in response since the Court ordered them to do so in the Disclosure Order (see McRoberts Aff., ¶¶ 6-11 and Exs. 30, 31, and 39).

Instead, Maldonado and the Firm wrote an eleventh-hour letter to the Court in an attempt to stave off the Court from striking their Answer. Their attempt fails for two reasons: First, just because Maldonado and the Firm argue that they have produced all responsive documents prior to the Sanders Entities commencing suit does not absolve them of the obligation to comply with disclosure obligations during the course of the litigation. "When the response to a discovery request is, in effect, that there are no responsive documents within the party's custody, possession, or control, that party must provide a detailed statement, under oath, . . . setting forth the past and present status of the relevant documents; where they were kept; what efforts, if any, were made to preserve them; . . . and the means and methods used to conduct a search for them" (*HSBC Bank USA, N.A. v Branker, N.A.*, 177 AD3d 954, 958 [2d Dept 2019]). Maldonado and the Firm have not done anything to show that no additional responsive discovery exists other than assert it in a conclusory manner (*see* McRoberts Aff., Ex. 40).

Regardless of the merits of Maldonado's argument, Maldonado's pre-lawsuit production is inadequate because it does not include responsive documents that, pursuant to the ethical rules, must exist. For example, the ethical rules require Maldonado and the Firm to maintain billing

10

[* 41]

records for at least seven years (22 NYCRR 1200 Rule 1.15[d]). Such records have not been produced as part of Maldonado and the Firm's pre-lawsuit disclosure. As a result, during the Compliance Conference on November 13, 2024, the Court ordered Maldonado and the Firm to comply with all outstanding disclosure obligations *even if* produced pre-lawsuit (McRoberts Aff., Ex. 44).

Lastly, while the Sanders Entities need not proffer a reasonable justification for not presenting these facts on the prior motion because the Court previously granted them leave to renew (*see Key Growth Invest LP v 1499 Fulton Realty, LLC*, 228 AD3d at 635), the Sanders Entities could not have possibly alleged the fact of Maldonado and the Firm's failure to comply with the Disclosure Order because that fact only arose after entry of the Disclosure Order.

Therefore, the Sanders Entities demonstrated "new facts not offered on the prior motion that would change the prior determination'" (*Deutsche Bank Natl. Tr. Co. v Cincu*, 228 AD3d at 826). The Court should grant leave to renew.

### Point II

### UPON RENEWAL, THE COURT SHOULD STRIKE THE ANSWER BECAUSE OF MALDONADO AND THE FIRM'S WILLFUL AND CONTUMACIOUS REFUSAL TO COMPLY WITH THE DISCLOSURE ORDER AND THEIR DISCLOSURE OBLIGATIONS

A court will infer that a defendant's conduct was "willful and contumacious" warranting the striking of its answer where the defendant engaged in "either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (*L. K. v City of New York*, 210 AD3d 753, 754 [2d Dept 2022]).

Where a plaintiff makes a showing of willful and contumacious refusal to comply with court-ordered disclosure, it is reversible error to deny its motion to strike defendant's answer:

11

[* 42]

- *L.K. v City of New York*, 210 AD3d at 753-54 ["Ordered that the order is reversed [and] that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer is granted, the answer is stricken, and the matter is remitted . . . for an inquest on the issue of damages"];

- *225 Butler Assocs. v 225 Butler LLC*, 208 AD3d 831, 834 [2d Dept 2022] ["Here, contrary to the Supreme Court's assessment, the defendants' behavior was willful and contumacious. The tenant demonstrated that the defendants repeatedly failed to comply with court-ordered discovery over an extended period of time, and the court itself found that the defendants offered inadequate explanations for their failures to comply. Under the circumstances presented here, we find that the court should have granted that branch of the tenant's motion which was pursuant to CPLR 3126 to strike the defendants' answer"] [quotations and brackets omitted]; and

- *Henry v Atlantis Rehabilitation and Residential Healthcare Facility, LLC*, 194 AD3d 1021, 1023 [2d Dept 2021] ["Here, the plaintiff established that the defendants failed to comply with its demand for discovery and inspection" for "approximately 2½ years . . . . Under these circumstances, the Supreme Court should have inferred that the defendants' repeated failure to fully respond to the plaintiff's discovery demands and to comply with the court's orders without an adequate explanation, was willful and contumacious. Thus, the court improvidently exercised its discretion in granting that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike the defendants' answer only to the extent of precluding the defendants from introducing certain evidence at trial"]).

In addition, a court is not required to issue a "'last chance' warning or order in all cases before exercising its discretion to strike a pleading," but when it does, a party's "continuing

12

[* 43]

disregard of his discovery obligations warrant[s] the court's striking the answer, and no further warning [is] required" (*Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 222–23 [1st Dept 2010]).

Here, the conduct of Maldonado and the Firm can only be described as willful and contumacious. From the inception of this case, Maldonado and the Firm have been noncompliant; almost impossible to contact; and indifferent to the outcome of this case. Namely, Maldonado and the Firm have failed to respond to letter after letter and request after request (*see* McRoberts Aff., Ex. 2).

Not only did the Court issue a *first final warning* on October 9, 2024, it issued a second final warning during the Compliance Conference, and a third final warning on January 3, 2025, but it also afforded Maldonado and the Firm yet another final warning to comply with all outstanding discovery at the Compliance Conference on November 13, 2024. However, Maldonado and the Firm exploited the Court's utmost generosity and ignored all three – *first*, *second*, and *third* final warnings. They have still not produced any documents in response to the Disclosure Order or the Court's orders discussed at the Compliance Conference (McRoberts Aff., ¶ 20). Their conduct is clearly both "a repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures" *and* "failure to comply with court-ordered discovery over an extended period of time" (*L.K. v City of New York*, 210 AD3d at 754 [citations omitted]).

Further, where a party "never explain[s]" why he did not produce responsive discovery, combined with "dilatory behavior in furnishing discovery, including in violation of . . . the court's warning . . . that it would strike [the defendants'] answer if [they] did not comply with plaintiff's demands, the court properly struck defendants' answer" (*Lynx Capital Partners of NJ, LLC v*

*Bayes Capital*, 217 AD 3d 571, 572 [1st Dept 2023]). The Sanders Entities have received ***no valid***

***explanation*** as to why Maldonado and the Firm have not complied with the Court's Disclosure

Order and prior discovery obligations (McRoberts Aff., ¶ 20). Maldonado and the Firm's letter to

the Court does not absolve them of their disclosure obligations because their pre-lawsuit disclosure

was not complete.

Finally, Maldonado and the Firm have proven in their own filings that they possess

documents responsive to their requests because Maldonado and the Firm have, whether

inadvertently or not, attached relevant documents to submissions to the Court (McRoberts Aff.,

Exs. 27 and 34). In his Affidavit in Support of the Disqualification of Farrell Fritz, P.C.,

Maldonado attaches five exhibits that would be potentially relevant to this action, including emails

between counsel discussing discovery in another action (*see* McRoberts Aff., Ex. 34).

Accordingly, given the combination of factors including: (1) the amount of time that has

passed in this action; (2) the number of attempts by the Sanders Entities to contact Maldonado and

the Firm; (3) the demonstrated existence of responsive documents in the possession of Maldonado

and the Firm; and (4) the failure by Maldonado and the Firm to comply with the Court's final

warning, the Court should find that their conduct was willful and contumacious.

Maldonado and the Firm's conduct is the epitome of willful and contumacious. Once such

conduct has been established, as the Sanders Entities have clearly shown here, a court "may impose

discovery sanctions, including the striking of a pleading, where a party 'refuses to obey an order

for disclosure or willfully fails to disclose information which the court finds ought to have been

disclosed'" (*L.K. v City of New York*, 210 AD3d at 753).

Maldonado and the Firm have objectively not only refused to obey the Court's Disclosure

Order on October 9, 2024 and the Court's orders from the Compliance Conference on November

14

[* 45]

13, 2024 (McRoberts Aff., ¶ 20), but also refused to comply with any disclosure obligations for the duration of this case (McRoberts Aff., ¶ 7). In addition, the Sanders Entities are aware of information and discovery that the Court can, and should, find "ought to have been disclosed" (*L.K. v City of New York*, 210 AD3d at 753; *see* McRoberts Aff., Exs. 24 and 37).

Therefore, upon renewal, the Court should strike Maldonado and the Firm's Answer because of their willful and contumacious conduct of consistently refusing to comply with discovery obligations and, most notably, the Court's final warnings on October 9, 2024 and November 13, 2024.

## CONCLUSION

For all of the foregoing reasons, the Court should issue an Order: (i) granting leave to renew the Disclosure Order; (ii) upon renewal, striking the Answer; (iii) referring this matter to a Judicial Hearing Officer or Special Referee for an inquest on damages; and (iv) granting such other and further relief as the Court deems just and proper, including precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

Dated: January 11, 2025

FARRELL FRITZ, P.C.

By: /s/ *Franklin C. McRoberts*
      Franklin C. McRoberts
      James R. Maguire
      400 RXR Plaza
      Uniondale, New York 11556
      (516) 227-0700

      *Attorneys for Plaintiffs*

15

[* 46]

FILED: NASSAU COUNTY CLERK 01/11/2025 12:05 AM

## CERTIFICATION OF COUNSEL

This Memorandum of Law was prepared by computer using Microsoft Word. The total number of words in the document, excluding the caption, Table of Contents, Table of Authorities, and signature block is 4,427. This certification complies with Rule 17 of the Commercial Division Rules.

/s/ *Franklin C. McRoberts*

Franklin C. McRoberts

FF\15071093.7

INDEX NO. 605681/2022

RECEIVED NYSCEF: 03/03/2025

# ATTACHMENT #5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------X

SANDERS EQUITIES LLC, NEXT MILLENNIUM :    Index No. 605681/2022
REALTY, LLC, AERIAL WAY AND ROBBINS LLC, :
123 FROST ASSOCIATES L.P., 135 NORTH :    Hon. Sharon M.J. Gianelli
BROADWAY LLC and 69 BLOOMINGDALE LLC, :
       :    Motion Sequence No. 005
       Plaintiffs, :
       :    **REPLY AFFIRMATION**
   - against - :    **IN FURTHER SUPPORT**
       :    **OF MOTION FOR LEAVE**
KEVIN MALDONADO, :    **TO RENEW**
KEVIN MALDONADO AND ASSOCIATES, P.C. :
d/b/a KEVIN MALDONADO & ASSOCIATES :
d/b/a KEVIN MALDONADO & PARTNERS LLC, :
MELISSA MALDONADO, KEVIN MALDONADO :
and MELISSA MALDONADO, as TRUSTEES of :
THE KEVIN AND MELISSA MALDONADO TRUST, :
EAGLE LAKE HOLDINGS LLC, BUSHMAN HILL :
REAL ESTATE LLC, 567 FOUR MILE POINT LLC, :
WM WELCH ENTERPRISES LLC, BLUE STONE :
AND MULCH LLC, WMW HOLDINGS LLC, :
and HART MANSION LLC, :
       :
       Defendants. :

------------------------------------------------------------X

    **FRANKLIN C. MCROBERTS**, an attorney admitted to practice law in the courts of the

State of New York, affirms under penalty of perjury:

1.      I am a Partner with the law firm of Farrell Fritz, P.C., attorneys for Plaintiffs.

2.      I have personal knowledge of the facts in this Affirmation.

3.      I respectfully submit this Reply Affirmation in further support of Plaintiffs' motion

for an Order, pursuant to CPLR 2221 (e):

    (i)      granting Plaintiffs leave to renew the Decision and Order of the Hon. Sharon M.J.

         Gianelli, dated October 7, 2024, and entered October 9, 2024 (the "Disclosure

         Order"), to the extent it denied Plaintiffs' motion to strike the Answer to Amended

1

[* 49]

Complaint, Counterclaims, and Third-Party Complaint, filed September 8, 2023 (the "Answer"), of Defendants Kevin Maldonado ("Maldonado"), and Kevin Maldonado and Associates, P.C. d/b/a Kevin Maldonado & Associates d/b/a Kevin Maldonado & Partners LLC (the "Firm"), "with leave granted herein for movants to re-apply should Defendants fail to comply with this Decision and Order;"

(ii)    upon renewal, pursuant to CPLR § 3126 (3), striking the Answer because of Maldonado and the Firm's willful and contumacious failure to comply with the Disclosure Order and their disclosure obligations; and

(iii)    granting such other and further relief as the Court deems just and proper, including precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

4.    After defaulting over and over throughout the entirety of this litigation, including on Plaintiffs' prior disclosure motion under Motion Sequence No. 004, Maldonado and the Firm once again have defaulted, this time on Plaintiffs' motion for leave to renew the Disclosure Order rendered on Motion Sequence No. 004.

5.    This serial pattern of disrespect for the Court, the disregard of disclosure obligations, the non-compliance with the Court's triple final warnings, is unpardonable for a lifelong, practicing litigator like Maldonado.

6.    Accordingly, based upon prior "leave granted" for Plaintiffs to "re-apply should Defendants fail to comply with this Decision and Order" (NYSCEF Doc. No. 211 at 2-3), the Court should now grant renewal, and upon renewal, strike Maldonado and the Firm's Answer for willful and contumacious refusal to comply with the Disclosure Order and their disclosure obligations.

[* 50]

NYSCEF DOC. NO. 2346

**WHEREFORE**, the Court should issue an Order: (i) granting leave to renew the Disclosure Order; (ii) upon renewal, striking the Answer; (iii) referring this matter to a Judicial Hearing Officer or Special Referee for an inquest on damages; and (iv) granting such other and further relief as the Court deems just and proper, including precluding Maldonado and the Firm from using or relying in this litigation upon any document or communication they have not produced in disclosure.

Dated: January 28, 2025

/s/ *Franklin C. McRoberts*
Franklin C. McRoberts

3

NYSCEF DOC. NO. 246

## CERTIFICATION OF COUNSEL

The foregoing Reply Affirmation in Further Support of Motion for Leave to Renew was prepared by computer using Microsoft Word. The total number of words in the document, excluding the caption and signature block is 450. This certification complies with Rule 17 of the Commercial Division Rules.

/s/ *Franklin C. McRoberts*

Franklin C. McRoberts

4

FF\15270228.1